# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carlos E. Duprey Jr.,            :
                     Petitioner     :
                                   :

          v.                       :   No. 92 C.D. 2015
                                   :   Submitted: September 18, 2015

Pennsylvania Board of Probation   :
and Parole,                         :
                     Respondent    :

BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                  HONORABLE ROBERT SIMPSON, Judge
                  HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                **FILED: November 3, 2015**

         Carlos E. Duprey, Jr. (Duprey) petitions for review from an order of the Pennsylvania Board of Probation and Parole (Board) that recommitted him to serve 48 months backtime as a convicted parole violator and recalculated his maximum sentence date. Duprey's appointed counsel, Wayne County Public Defender, Christopher E. Farrell, Esquire (Counsel), filed a motion for leave to withdraw as counsel on the ground that the appeal lacks merit. Upon review, we affirm the Board's order, and we grant Counsel's petition to withdraw.

## I. Background

         In February 1994, Duprey was originally sentenced to serve a term of 16 years to 32 years. The Board paroled Duprey from State Correctional Institution (SCI) Chester in February 2010 to a community correction center (CCC). He was released from the CCC in April 2010.

While on parole, the Philadelphia police arrested Duprey on April 3, 2011. As a result, the Board lodged a detainer the next day for two violations corresponding to the criminal charges: aggravated assault and possession of a crime instrument with intent.

Duprey was held on a detainer and the new charges from April 4, 2011 until the date of his trial on the new criminal charges. Initially, bail was set at $50,000.00. Certified Record (C.R.) at 48. However, the bail was changed on June 6, 2011, such that Duprey was "released on his own recognizance" on that date. Id. Duprey remained in custody during this time.

On November 5, 2013, Duprey pled guilty to aggravated assault, and possession of an instrument of crime with intent. He was sentenced to three to six years of incarceration to run concurrently to his existing sentence.

On December 27, 2013, Duprey waived his right to a parole revocation hearing. Id. at 44. In the waiver, Duprey admitted he committed the new criminal offenses while on parole. Id. Thus, he did not avail himself of the opportunity to present evidence regarding the conditions of his confinement while at the CCC.

On February 11, 2014, the Board obtained the necessary signatures to recommit Duprey as a convicted parole violator. Id. at 43. The Board recommitted Duprey to serve 48 months backtime. At that time, Duprey owed 15 years, 4 months and 6 days on his unexpired term without credit for time served.

2

On March 12, 2014, the Board issued a recommitment order that set forth the dates for his confinement, his original maximum sentence date, and a recalculated maximum date based on the backtime owed. Id. at 68. The Board provided notice of its decision regarding the backtime owed and the new maximum sentence date on March 31, 2014. The 48-month backtime corresponded to the two offenses for which he was convicted (aggravated assault and possession of an instrument of crime with intent). Originally, Duprey's maximum sentence was to expire on June 22, 2025. After recalculation, his sentence is set to expire on January 26, 2027.

Duprey, representing himself, filed a petition for administrative relief asserting the Board erred in: (1) imposing 48 months backtime which exceeded the presumptive range for "a conviction of aggravated assault," Id. at 72; (2) misstating the dates he was held in custody such that he did not receive proper credit for time served; (3) miscalculating his maximum sentence date; (4) violating the separation of powers doctrine in adding time to his sentence; and, (5) denying his right to due process by recommitting him without notice or a hearing.

The Board denied Duprey's petition for administrative relief. The Board noted the calculation of backtime was based on the presumptive ranges for both offenses. The Board explained how it derived the new maximum sentence date. Specifically, Duprey was placed on parole violator status on February 11, 2014, such that his backtime owed was added to his unexpired term as of that date.

3

Duprey filed an uncounseled petition for review to this Court seeking review of the Board's decision. This Court appointed Counsel to represent Duprey in this appeal. Counsel filed an application to withdraw and an Anders[1] brief in support. These matters are now before us for disposition.

## II. Discussion

Before addressing Duprey's petition for review, we first consider whether Counsel fulfilled the technical requirements for a petition to withdraw from representation.[2]

## A. Petition to Withdraw

When counsel believes an appeal is without merit, he may file a petition to withdraw. Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988). Counsel seeking to withdraw must conduct a zealous review of the case and submit a no-merit letter to this Court detailing the extent of counsel's diligent review of the case, listing the issues the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Id.

We will not deny an application to withdraw simply because an attorney files an Anders brief where a no-merit letter would suffice. Hughes v. Pa.

---

[1] Anders v. California, 386 U.S. 738 (1967).

[2] Here Duprey does not challenge the revocation of his parole. He pled guilty to two offenses and acknowledged his convictions. Rather, he challenges the backtime owed and the recalculation of his time. Therefore, Duprey has a statutory right to counsel as opposed to a constitutional right. Accordingly, a no-merit letter would have sufficed. Hughes v. Pa. Bd. of Prob. & Parole, 977 A.2d 19, 26 n.4 (Pa. Cmwlth. 2009) (en banc).

4

Bd. of Prob. & Parole, 977 A.2d 19 (Pa. Cmwlth. 2009) (en banc). The no-merit letter or Anders brief must include "substantial reasons for concluding that a petitioner's arguments are meritless." Jefferson v. Pa. Bd. of Prob. & Parole, 705 A.2d 513, 514 (Pa. Cmwlth. 1998).

In addition, counsel must send the petitioner: (1) a copy of the no-merit letter or Anders brief; (2) a copy of the petition for leave to withdraw; and, (3) a statement that advises the petitioner of the right to retain substitute counsel or proceed *pro se* by representing himself. Turner; Hughes; Reavis v. Pa. Bd. of Prob. & Parole, 909 A.2d 28 (Pa. Cmwlth. 2006). If counsel satisfies these technical requirements, this Court must then conduct an independent review of the merits of the case. Turner; Hughes. If this Court determines the petitioner's claims are without merit, counsel will be permitted to withdraw, and the petitioner will be denied relief. Turner; Hughes.

Here, Counsel satisfied the technical requirements of Turner. The petition to withdraw sets forth the procedural history of the case, reflecting his review of the record. Counsel states he conducted a careful and thorough review of the record and relevant statutory and case law. He sets forth the issues Duprey raised on appeal to the Board. Counsel then analyzed why the issues lacked merit, citing law in support where applicable.

Counsel established he reviewed the grounds Duprey raised in challenging the Board's order as follows. First, Counsel addressed Duprey's contention that his new maximum date was improperly calculated. Second, Counsel

5

explained the Board's calculations, noting Duprey receives no credit for his street time under 61 Pa. C.S. §6138(a). Third, Counsel addressed the Board's alleged error in imposing 48 months of backtime. He emphasized that 48 months of backtime is within the presumptive range in light of Duprey's two convictions. Fourth, Counsel explained the Board did not violate the separation of powers doctrine because it is authorized by statute to incarcerate Duprey on a parole violation and to recalculate his maximum sentence date. Lastly, Counsel addressed Duprey's due process claim, noting Duprey expressly waived his right to a revocation hearing, admitting he committed new offenses.

Counsel also satisfied the procedural requirements for withdrawal. He provided Duprey with a copy of his petition to withdraw and his Anders brief, informing him of his determination that there were no non-frivolous issues in the appeal, and that Duprey could retain an attorney or submit his own brief. Counsel's petition to withdraw summarized the procedural history and relevant facts, discussed the issues raised in Duprey's administrative appeal, and explained his determination that these grounds for appealing the Board's decision lack merit.

As we are satisfied that Counsel discharged his responsibility in complying with the requirements of Turner, we conduct an independent review to determine whether the issues Duprey raised in his petition for review lack merit.

**B. Independent Review**

On appeal,[3] Duprey raised several issues that mirror those addressed in Counsel's <u>Anders</u> brief.[4] However, we note one difference in that Duprey raised a new basis for credit towards his original sentence.

As part of his challenge to the calculation of his backtime, Duprey contends for the first time on appeal that he is entitled to credit for the time he was confined in the CCC, from the date of his release on parole in February, until mid-April 2010. Duprey did not raise this issue before the Board. Therefore, it is waived. <u>Chesson v. Pa. Bd. of Prob. & Parole</u>, 47 A.3d 875, 878 (Pa. Cmwlth. 2012) ("The law is well settled that issues not raised before the Board either at the revocation hearing or in the petitioner's administrative appeal are waived and cannot be considered for the first time on appeal."). Further, Duprey did not create an evidentiary record regarding the conditions of his confinement because he waived his right to a revocation hearing. <u>Fisher v. Pa. Bd. of Prob. & Parole</u>, 62 A.3d 1073, 1075-76 (Pa. Cmwlth. 2013) ("The waiver of the right to a hearing necessarily encompasses the right to advance claims of error he could have raised at the hearing.").

---

[3] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; <u>Miskovitch v. Pa. Bd. of Prob. & Parole</u>, 77 A.3d 66 (Pa. Cmwlth. 2013), <u>appeal</u> <u>denied</u>, 87 A.3d 322 (Pa. 2014).

[4] After receiving notice of Counsel's petition to withdraw, Duprey filed his own brief in support of his petition for review. As it did not comply with the Pennsylvania Rules of Appellate Procedure, this Court rejected it. Duprey then filed an amended brief. However, this Court also deemed the amended brief deficient in material respects, and again rejected it based on its non-compliance with the rules. Therefore, this Court has not accepted a brief on behalf of Duprey.

## 1. Maximum Sentencing Date

First, we address the Board's calculation of Duprey's new maximum sentence date. Duprey contends the Board improperly extended his sentence. In so doing, he deems the recalculation of his maximum sentence date a resentencing that adds time to his original sentence, which is outside the Board's authority.

The Prisons and Parole Code (Code) provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime may be recommitted as a convicted parole violator. 61 Pa. C.S. §6138(a)(1). If the parolee is recommitted, he must serve the remainder of the term, which he would have been compelled to serve had parole not been granted, with no credit for the time spent at liberty on parole, unless the Board chooses to award credit. 61 Pa. C.S. §6138(a)(2), (2.1). If a new sentence is imposed, he must serve the balance of the original sentence prior to commencement of the new term. 61 Pa. C.S. §6138(a)(5)(i).

Here, the original sentence was 16 years to 32 years. Duprey's original maximum sentence date was June 22, 2025. The Board paroled Duprey on February 16, 2010. At the time of his parole, 15 years, 4 months and 6 days remained on the unexpired term of his original sentence (5,605 days). Of that time, he served 2 years, 4 months, and 20 days of that sentence (873 days) while incarcerated solely on the Board's detainer. Subtracting the credit of 873 days from his original sentence of 5,605 left almost 13 years of unserved time on the original unexpired sentence, or 4,732 days of backtime Duprey owed on his original sentence. C.R. at 68.

8

We then review whether the Board properly applied this backtime in order to yield a new maximum sentence date. Critical to this calculation is when Duprey became available to Pennsylvania authorities. A convicted parole violator must serve the balance of his original sentence, which becomes "due and owing" when parole is revoked. Campbell v. Pa. Bd. of Prob. & Parole, 409 A.2d 980 (Pa. Cmwlth. 1980). The date when the Board obtained authority to recommit a parole violator is the date from which the backtime owed is calculated. Wilson v. Pa. Bd. of Prob. & Parole __ A.3d __, (Pa. Cmwlth., No. 329 C.D. 2015, filed August 11, 2015), 2015 WL 5618263; Campbell.

Section 6113(b) of the Code states that "[t]he [B]oard may make decisions on parole, reparole, return or revocation in panels of two persons. A panel shall consist of one [B]oard member and one hearing examiner or of two [B]oard members ...." 61 Pa. C.S. §6113(b). Accordingly, the new parole violation maximum sentence date must be calculated from the date on which the Board obtained the second signature from a panel member. Wilson; Hill v. Pa. Bd. of Prob. & Parole, 683 A.2d 699 (Pa. Cmwlth. 1996). The maximum sentence date is not calculated from any earlier date. Id.

Here, the record reflects that on February 11, 2014, the Board obtained the second signature. C.R. at 43. Thus, the remainder of Duprey's original state sentence became "due and owing" on that date. Campbell.

Adding the time remaining on Duprey's original sentence (4,732 days) to February 11, 2014, yields a new original state sentence maximum date of

January 26, 2027. The Board's recalculated maximum sentence date of January 26, 2027 is therefore correct, and it did not extend the original sentence term. Thus, Duprey's challenge to the recalculated maximum sentence date lacks merit.

## 2. Custody and Credit Calculation

Next, Duprey argues the Board erred in not properly crediting the time he was at liberty prior to his arrest (street time) and in performing its calculations. Also, Duprey assigns error to the Board stating February 1, 2014 as the "Custody for Return" date. C.R. at 68.

"[W]here an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence." Martin v. Pa. Bd. of Prob. & Parole, 840 A.2d 299, 309 (Pa. 2003). However, the sentence to which the time is credited depends on the source of the authority for which the defendant is held in custody. Gaito v. Pa. Bd. of Prob. & Parole, 412 A.2d 568 (Pa. 1980). For the period of time a defendant is held solely on a Board detainer and meets the requirements for bail on the new criminal charges, a defendant's time in custody shall be credited against his original sentence. Id. However, if the defendant remains incarcerated prior to trial because he failed to satisfy bail requirements on the new criminal charges then time spent in custody shall be credited to his new sentence. Id.

Here, Duprey was arrested on new charges on April 3, 2011. He satisfied bail requirements on these charges on June 6, 2011; however, he remained in custody on the Board's warrant. From June 6, 2011, the date he satisfied bail

10

requirements, until November 5, 2013, the date of conviction and sentencing on the new charges (a period of 873 days), Duprey remained incarcerated solely on the Board's warrant. Therefore, the Board properly credited Duprey for this 873-day period on his original sentence, leaving 4,732 days remaining. C.R. at 68; Gaito.

Duprey's arguments regarding the alleged errors in calculation are premised on his selection of the original maximum sentence date of June 22, 2025 as the date to which time is added as a "credit." C.R. at 73. However, as explained above, backtime is calculated using the February 11, 2014 custody date as the date the Board took official action to recommit Duprey. Wilson.

Pursuant to Section 6138(a) of the Code, a parolee shall be given "no credit for the time at liberty on [p]arole" unless the Board decides to award credit within its discretion. 61 Pa. C.S. §6138(a). Moreover, the Board lacks discretion to award credit for time spent at liberty on parole when the crime is one of violence as defined in 42 Pa. C.S. §9714(g). Aggravated assault is one of the crimes listed. Id. Therefore, Duprey was not entitled to a credit for his street time. 61 Pa. C.S. §6138.

From our independent review of the record, the Board credited Duprey's time appropriately. Thus, his argument to the contrary lacks merit.

11

### 3. Presumptive Range

In addition, Duprey argues the Board erred in recommitting him for a 48-month period. Specifically, he contends this period exceeds the presumptive range, for which he asserts the maximum recommitment period is 40 months.

This Court will not review challenges to recommitment when the recommitment period is within the presumptive range. Smith v. Pa. Bd. of Prob. & Parole, 574 A.2d 558, 560 (Pa. 1990) ("[a]s long as the period of recommitment is within the presumptive range for the violation, the Commonwealth Court will not entertain challenges to the propriety of the term of recommitment"); Davis v. Pa. Bd. of Prob. & Parole, 841 A.2d 148, 151-52 (Pa. Cmwlth. 2004). Any challenge to the length of a recommitment period falling within the presumptive range is not a valid basis for appeal. Id.

The presumptive recommitment ranges for convicted parole violators under the Board's supervision are governed by the Board's regulations, 37 Pa. Code §§75.1-75.2. They "are intended to structure the discretion of the Board while allowing for individual circumstances in terms of mitigation and aggravation to be considered in the final decision." 37 Pa. Code §75.1(b). The presumptive range for the felony offense of aggravated assault is 24-40 months; the presumptive recommitment range for the misdemeanor offense of possession of instruments of crime is 6-12 months. 37 Pa. Code §75.2.

Each one of a parolee's convictions may be considered as a separate parole violation by the Board, and the presumptive ranges for each may be

aggregated. Massey v. Pa. Bd. of Prob. & Parole, 501 A.2d 1114 (Pa. 1985). This is true even where the convictions arise out of the same criminal episode. Davidson v. Pa. Bd. of Prob. & Parole, 33 A.3d 682 (Pa. Cmwlth. 2012).

Here, Duprey pled guilty to the felony charge of aggravated assault, and the misdemeanor charge of possession of an instrument of crime. C.R. at 32. He further admitted he violated his parole by committing these offenses. Id. at 44. Based on Duprey's new criminal convictions, the Board had discretion to impose a maximum aggregate backtime sentence of 52 months for both violations.

However, the period of recommitment may not exceed the period remaining on a sentence as the Board may only require a parolee to serve the remaining balance of his unexpired term. Yates v. Pa. Bd. of Prob. & Parole, 48 A.3d 496, 502 (Pa. Cmwlth. 2012). In other words, the Board cannot extend the time of incarceration beyond the maximum sentence set by the courts. Savage v. Pa. Bd. of Prob. & Parole, 761 A.2d 643 (Pa. Cmwlth. 2000).

Duprey's confusion regarding the boundaries on the Board's authority to recommit is evident in his citation to Savage and Hall v. Pennsylvania Board of Probation and Parole, 733 A.2d 19 (Pa. Cmwlth. 1999). We agree with Counsel that these cases are inapplicable because the recommitment period here does not exceed Duprey's unexpired term of almost 13 years. Further, the Board included the "or unexpired term" language in its recommitment order. C.R. at 68.

13

Additionally, in arguing the maximum presumptive range was 40 months, Duprey discounted the range for his misdemeanor, which may be aggregated with the range corresponding to aggravated assault. The aggregate presumptive recommitment range for Duprey's two offenses is 24-52 months. 37 Pa. Code §75.2; Massey; Davidson. The Board's 48-month period of recommitment falls within the presumptive range. Thus, Duprey's argument that the Board erred in recommitting him for a 48-month period lacks merit.

### 4. Separation of Powers

We also agree with Counsel that Duprey's separation of powers argument lacks merit. Duprey asserts sentencing may only be performed by a court because it is a judicial function. He contends the Board's recalculation of a maximum sentence "violates both the separation of powers doctrine … and also eviscerates the judicial discretion [in sentencing] which is provided to the Courts …." C.R. at 74. He adds "the [Board] is without power to alter a judicial sentence." Id. at 77. However, our Supreme Court rejected this argument in Commonwealth v. Cain, 28 A.2d 897 (Pa. 1942).

In Cain, our Supreme Court addressed a constitutional challenge to the Board's then enabling act[5] based on a similar separation of powers argument. In upholding the constitutionality of the statute, the Court explained "[t]he granting of parole and the supervision of parolees are purely administrative functions, and accordingly may be entrusted by the legislature to non-judicial agencies." Id. at 900.

---

[5] Formerly Act of August 6, 1941, P.L. 861, as amended, 61 P.S. §§333.1-331.34a.

14

As the Board has the authority to administer the parole system, which includes recommitment and recalculation of maximum sentence dates, we agree with Counsel that this argument lacks merit.

### 5. Due Process

Finally, we agree with Counsel that Duprey's due process argument lacks merit. Duprey contended the Board denied him due process of law in the revocation process. However, the record is clear that Duprey waived his parole revocation hearing. C.R. at 44. Duprey does not deny that he waived the revocation hearing, or allege that he did not knowingly and willingly waive his right to a hearing. Therefore, his arguments asserting a denial of due process lack merit. Prebella v. Pa. Bd. of Prob. & Parole, 942 A.2d 257 (Pa. Cmwlth. 2008). (parolee may knowingly waive right to parole violation hearing, and such waiver is not a violation of due process).

### III. Conclusion

For the foregoing reasons, we agree with Counsel that Duprey's claims lack merit. Accordingly, we grant Counsel's petition to withdraw, and we affirm the order of the Board.

ROBERT SIMPSON, Judge

15

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carlos E. Duprey Jr.,            :
          Petitioner       :
                                  :
         v.                     :    No. 92 C.D. 2015
                                  :
Pennsylvania Board of Probation     :
and Parole,                           :
          Respondent    :

## O R D E R

**AND NOW**, this 3rd day of November, 2015, Christopher E. Farrell, Esquire's Application to Withdraw is **GRANTED**, and the order of the Pennsylvania Board of Probation and Parole is **AFFIRMED**.

 

---

ROBERT SIMPSON, Judge