# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Akeem Williams,                                    :
                          Petitioner               :
                                                   :
          v.                                       : No. 1286 C.D. 2015
                                                   : Submitted: January 8, 2016
Pennsylvania Board of Probation                    :
and Parole,                                        :
                          Respondent               :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                          **FILED:  February 16, 2016**


Petitioner Akeem Williams (Williams) petitions for review of an order

of the Pennsylvania Board of Probation and Parole (Board).  The Board denied

Williams' petition for administrative relief, in which he sought to challenge the

Board's calculation of the backtime Williams owed as a convicted parole violator.

Williams' counsel, David R. Crowley, Esquire (Counsel), filed an application for

leave to withdraw as counsel.  Counsel asserts, as expressed in his *Anders*[1] brief,

---

[1] In *Anders v. California*, 386 U.S. 738 (1967), the Supreme Court of the United States held that in order for a criminal defendant's counsel to withdraw from representing his client in an appeal, the counsel must assert that the case is completely frivolous, as compared to presenting an absence of merit.  An appeal is completely or "wholly" frivolous when there are no factual or legal justifications that support the appeal.  *Craig v. Pa. Bd. of Prob. and Parole*, 502 A.2d 758, 761 (Pa. Cmwlth. 1985).  The Supreme Court of Pennsylvania, however, has held that in matters that are *collateral* to an underlying criminal proceeding, such as parole matters, a counsel seeking to withdraw from his representation of a client may file a "no-merit" letter that
**(Footnote continued on next page…)**

that the issue Williams raises in his petition for review is without merit. We now grant Counsel's application for leave to withdraw and affirm the Board's denial of Williams' request for administrative relief.

In 2006, Williams was convicted of multiple criminal charges and sentenced to serve a five-to-ten year term of imprisonment with a minimum release date of June 11, 2012, and a maximum release date of June 11, 2017. (Certified Record (C.R.) at 1-3.) The Board granted Williams parole and released him on June 11, 2012. (*Id.* at 5.) Williams was arrested for new criminal charges on August 12, 2014, and the Board issued a warrant to commit and detain Williams on the same date. (*Id.* at 12-14.) Williams was detained on the Board's warrant until bail for his new criminal charges was set at $20,000 on August 13, 2014. (*Id.* at 28.) Williams did not post bail. (*Id.*) After receiving a notice of charges and detention hearing, Williams waived both representation by counsel and the detention hearing. (*Id.* at 16-19.) On September 18, 2014, Williams was released on his own recognizance as to his new criminal charges, but he remained confined as a result of the Board's warrant. (*Id.* at 28.) Williams was moved to the State Correctional Institution at Graterford (SCI-Graterford) on September 26, 2014. (*Id.* at 51.) On October 10, 2014, the Board recorded a decision to continue to detain Williams pending the disposition of his new criminal charges. (*Id.* at 23.) Williams pleaded guilty to the new criminal charges on December 2, 2015, and was sentenced to a term of imprisonment of one-to-five years. (*Id.* at 37.)

---

**(continued…)**

includes information describing the extent and nature of the counsel's review, listing the issues the client wants to raise, and informing the court of the reasons why counsel believes the issues have no merit. *Commonwealth v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988).

Williams received a notice of charges and revocation hearing on February 12, 2015. (*Id.* at 40.) Williams waived the revocation hearing and admitted that he had pleaded guilty to the new criminal charges. (*Id.* at 42.) A hearing examiner issued a report recommending that Williams be recommitted as a convicted parole violator, and on March 16, 2015, the report received the second panel member signature necessary to recommit Williams. (*Id.* at 43-50.) The Board recorded its decision to recommit Williams on March 24, 2015, and ordered Williams to serve eighteen months backtime. (*Id.* at 56.) In so doing, the Board calculated that Williams had 1,826 days remaining on his sentence at the time he was paroled. (*Id.* at 54.) The Board, however, gave Williams credit for the time he was detained solely as a result of the Board's warrant—August 12, 2014, to August 13, 2014, and September 18, 2014, to December 2, 2014. (*Id.* at 52.) The Board concluded that Williams was entitled to a credit of 76 days against his original sentence, thus reducing the remaining days owed on his sentence to 1,750 days. (*Id.*) Listing the date that Williams became available to serve his backtime as March 16, 2015, the Board recalculated Williams' new maximum date as December 30, 2019. (*Id.*)

Williams filed a petition for administrative relief on May 11, 2015. (*Id.* at 60.) In the petition, Williams argued that the Board incorrectly calculated his backtime. Specifically, Williams contended that he was recommitted to SCI-Graterford on September 26, 2014, and, therefore, he was entitled to credit for the period from September 26, 2014, to March 24, 2015. (*Id.* at 60-62.) Williams argued that he was thus entitled to more credit than the Board had initially calculated and that the date he began serving his backtime was

3

September 26, 2014. (*Id.*) The Board denied Williams' petition for administrative relief and affirmed its decision. (*Id.* at 64-65.) In so doing, the Board explained:

> [Williams] received back time credit from August 12, 2014 (date of Board detainer) to August 13, 2014 (date bail made secured at new charges) or 1 day and from September 18, 2014 (date bail posted/made unsecured) to December 2, 2014 (date of conviction) or 75 days. [Williams] received an aggregate of 76 days of back time credit. This is because the Board's detainer was the sole source of [Williams'] detention. . . . [Williams] became available to begin serving [his] back time on March 16, 2015 when the Board obtained the necessary signatures to recommit [him] as a parole violator.

(*Id.* at 64.) Williams responded to the Board's denial of his petition, arguing that he had not received credit on either of his sentences—*i.e.*, his parole violation and his conviction on new criminal charges—for the time period from December 2, 2014, to March 16, 2015. (*Id.* at 66.) During this period, Williams was confined at SCI-Graterford, and he contended that he was entitled to credit for that time on one of his sentences. (*Id.*) The Board responded that it could not accept a second request for administrative relief, as it had already received and responded to Williams' first request. (*Id.* at 68.) Williams then filed a petition for review with this Court, in which he argued that the Board erred in its calculation of his backtime.

We begin by addressing Counsel's request to withdraw from his representation of Williams. When no constitutional right to counsel is involved in a probation and parole case, an attorney seeking to withdraw from representing a prisoner may file a no-merit letter, as compared to an *Anders* brief. In *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19 (Pa. Cmwlth. 2009), this Court held that a constitutional right to counsel in a parole and probation matter arises only when the prisoner's case includes:

4

> [a] colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes*, 977 A.2d at 25-26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). The record in this matter contains no suggestion by Williams that he did not commit the crimes for which he received a new criminal conviction, nor does Williams suggest any reasons constituting justification or mitigation for his new criminal conviction. Thus, Williams has only a statutory right to counsel under Section 6(a)(10) of the Public Defender Act.[2] This case, therefore, is one in which a no-merit letter would have satisfied Counsel's responsibilities in seeking to withdraw from his representation of Williams.

When an attorney files an *Anders* brief "when a no-merit letter would suffice, the *Anders* brief must at least contain the same information that is required to be included in a no-merit letter." *Seilhamer v. Pa. Bd. of Prob. and Parole*, 996 A.2d 40, 42-43 (Pa. Cmwlth. 2010). In order to satisfy the procedural requirements associated with no-merit letters, counsel must: (1) notify the parolee that he has submitted to the Court a request to withdraw; (2) provide the parolee with a copy of counsel's no-merit letter; and (3) advise the parolee that he has the right to obtain new counsel or to submit to the Court a brief of his own raising any arguments that he may believe are meritorious.[3] *Reavis v. Pa. Bd. of Prob. and*

---

[2] Act of December 2, 1968, P.L. 1144, *as amended*, 16 P.S. § 9960.6(a)(10).

[3] Counsel served Williams with his application for leave to withdraw and his *Anders* brief. By order dated October 26, 2015, this Court explained that Williams could obtain **(Footnote continued on next page…)**

5

*Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006).  In seeking to withdraw, an attorney must include the following descriptive information in the no-merit letter:  (1) the nature and extent of counsel's review of the case; (2) the issues the parolee wants to raise; and (3) the analysis counsel used in reaching his conclusion that the issues are meritless.  *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009).

Counsel's *Anders* brief includes a thorough recitation of the pertinent factual and procedural history in this case, identifies the issue raised in the petition for review, discusses the key factual elements that are pertinent to the issue, and applies the holding of relevant decisions of this Court to the facts.[4]  Thus, we conclude that Counsel's *Anders* brief demonstrates adequate compliance with the requirements for a no-merit letter, and we may proceed to consider whether Counsel is correct in asserting that Williams' appeal has no merit.  As indicated above, the sole issue Williams raises in his petition for review is whether the Board erred in its calculation of Williams' backtime.

A parolee who commits a crime punishable by imprisonment may, at the Board's discretion, be recommitted to a correctional facility as a convicted

---

**(continued…)**

substitute counsel to file a brief in support of his petition for review or file a brief on his own behalf.  Counsel served Williams with this Court's order.  Counsel has, therefore, complied with these requirements.

[4] In asserting that Williams' appeal is without merit, Counsel contends that the Board correctly calculated that Williams was entitled to 76 days of credit, and, therefore, appropriately "reduced the unserved balance of his original sentence to 1[,]750 days."  (Counsel's Br. at 21.)  Furthermore, although Counsel explains that Williams' confusion as to the day Williams became available to serve his backtime was "understandable" due to the Board's poor explanation in its order to recommit, the Board correctly identified the date that Williams became available to serve his backtime as March 16, 2015.  (*Id.* at 22-23.)

6

parole violator. 61 Pa. C.S. § 6138(a)(1). "If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted." 61 Pa. C.S. § 6138(a)(2). In calculating the amount of backtime that a parolee owes, the Board must give the parolee credit against his or her original sentence for time spent in custody solely as a result of the Board's warrant if the parolee "has otherwise met the requirements for bail on the new criminal charges." *Gaito v. Pa. Bd. of Prob. and Parole*, 412 A.2d 568, 571 (Pa. 1980). "If a [parolee], however, remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence." *Id.* In situations where the period of pre-trial confinement exceeds the new sentence, it is proper to apply the credit to the original sentence. *Martin v. Pa. Bd. of Prob. and Parole*, 840 A.2d 299, 309 (Pa. 2003).

We agree with Counsel's assertion that Williams' appeal has no merit, as the Board properly calculated Williams' maximum sentence date. Williams' original maximum sentence date was June 11, 2017, and he was paroled on June 11, 2012, leaving an unserved balance of 1,826 days. Williams was arrested for new criminal charges and detained as a result of the Board's warrant on August 12, 2014. On August 13, 2014, bail was set for Williams' new criminal charges, which Williams failed to post. From that point until September 18, 2014, when Williams was released on his own recognizance as to his new criminal charges, Williams was detained as a result of *both* the Board's warrant and his inability to post bail. From September 18, 2014, to December 2, 2014, the date of Williams' conviction on the new criminal charges, Williams was detained solely as a result of the Board's warrant. The Board, therefore, properly identified the

7

periods from August 12, 2014, to August 13, 2014, and September 18, 2014, to December 2, 2014, as the time for which Williams was entitled to credit, because he was detained solely as a result of the Board's warrant. Subtracting these 76 days of credit from the unserved balance of Williams' original sentence, the Board correctly calculated that Williams had 1,750 days remaining on his original sentence. Williams' pre-trial confinement from August 12, 2014, to December 2, 2014 (three months and twenty days), did not exceed the sentence for his new criminal conviction (one-to-five years), thus, it was not necessary for the Board to credit the rest of Williams' pre-trial confinement against his original sentence.[5] We, therefore, agree with Counsel that the Board did not err in its calculation of the amount of backtime that Williams owed.

As to Williams' assertion that he began serving his backtime on September 26, 2014, the date he was moved to SCI-Graterford, we agree with Counsel that the Board correctly identified March 16, 2015, as the date Williams became available to serve his backtime. When the Board recommits a convicted parole violator, "the prisoner's service of backtime on the original sentence must be computed from the date the Board revokes the prisoner's parole." *Hill v. Pa. Bd. of Prob. and Parole*, 683 A.2d 699, 702 (Pa. Cmwlth. 1996). Here, the Board did not revoke Williams' parole until March 16, 2015, the day when it received the second signature necessary to recommit Williams as a convicted parole violator.

_____

[5] To the extent that Williams argues that he is entitled to credit against his new sentence for portions of his pre-trial confinement, we note that the assessment of credit against Williams' new sentence is a matter within the jurisdiction of the sentencing court, rather than the Board. 42 Pa. C.S. § 9760. The Department of Corrections is responsible for "faithfully implementing sentences imposed by the courts." *McCray v. Dep't of Corr.*, 872 A.2d 1127, 1133 (Pa. 2005).

*See Wilson v. Pa. Bd. of Prob. and Parole*, 124 A.3d 767, 770 (Pa. Cmwlth. 2015) (holding that Board did not err in calculating new maximum date from date on which it obtained second signature on report). Thus, although Williams was moved to SCI-Graterford on September 26, 2014, pending the disposition of his new criminal charges and the potential revocation of his parole as a convicted parole violator, his parole was not revoked until March 16, 2015. Accordingly, the Board properly identified March 16, 2015, as the date on which Williams became available to begin serving his backtime. We, therefore, agree with Counsel that Williams' appeal has no merit, as the Board correctly calculated Williams' maximum sentence date.

Accordingly, we grant Counsel's application for leave to withdraw and affirm the Board's order.

P. KEVIN BROBSON, Judge

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Akeem Williams,                          :
                        Petitioner       :
                                         :
           v.                            :     No. 1286 C.D. 2015
                                         :
Pennsylvania Board of Probation          :
and Parole,                              :
                        Respondent       :

# **O R D E R**

AND NOW, this 16th day of February, 2016, the application for leave to withdraw as counsel filed by David R. Crowley, Esquire, is hereby GRANTED, and the order of the Pennsylvania Board of Probation and Parole denying Akeem Williams' petition for administrative relief is hereby AFFIRMED.

_____
P. KEVIN BROBSON, Judge