## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jorge Berrios, | : | |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| Pennsylvania Board of Probation | : | |
| and Parole, | : | No. 905 C.D. 2016 |
| Respondent | : | Submitted: September 15, 2017 |


BEFORE:     HONORABLE MARY HANNAH LEAVITT, President Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                          FILED: November 30, 2017

Jorge Berrios (Berrios) petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) May 13, 2016 order denying his request for administrative relief. Berrios presents three issues for this Court's review: (1) whether the Board failed to apply credit to Berrios' original sentence; (2) whether the Board is authorized to change a judicially-imposed sentence; and (3) whether the Board abused its discretion by denying him credit for his time spent at liberty on parole.[1] After review, we vacate and remand.

Berrios is an inmate at the State Correctional Institution (SCI) at Graterford. On June 14, 2002, the Board paroled Berrios to Kintock Community Corrections Center from a 7 to 15-year sentence for third-degree murder (Original Sentence). At that time, his maximum sentence release date was August 27, 2010. As a condition of his parole, Berrios agreed:

---

[1] The order of the issues has been changed for continuity purposes.

> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

Certified Record (C.R.) at 7. Berrios did not object to the above-quoted parole condition. On May 2, 2009, Berrios was arrested on drug charges. On May 3, 2009, the trial court set bail in the amount of $8,000.00, which Berrios did not post. On May 4, 2009, the Board issued a warrant to commit and detain Berrios pending disposition of the drug charges. On August 20, 2009, the trial court changed Berrios' bail to release on his own recognizance.

On April 22, 2010, Berrios was convicted of manufacturing, delivering, or possessing with intent to manufacture or deliver, a controlled substance and conspiracy to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance, and the trial court revoked his bail. On June 14, 2010, Berrios was sentenced to 2 consecutive terms of 2 to 4 years of incarceration, for an aggregate sentence of 4 to 8 years of incarceration.

On July 2, 2010, the Board served Berrios with a notice of charges and notice of the Board's intent to hold a parole revocation hearing. On July 14, 2010, the Board held the revocation hearing at SCI-Rockview, at which Berrios was represented by counsel. The Board Examiner voted on July 20, 2010 and, five additional Board members voted between August 4 and September 20, 2010, to recommit Berrios as a convicted parole violator (CPV) and reparole him to a state detainer sentence. On October 2, 2013, Berrios was reparoled to the Philadelphia Community Corrections Center. Berrios' new maximum sentence release date was October 6, 2017. As a condition of his parole, Berrios agreed:

> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an

appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

C.R. at 76. Berrios did not raise any objections to the above-quoted parole condition. On June 20, 2014, Berrios was arrested on new drug charges (New Charges). That same date, the trial court set bail in the amount of $25,000.00, which Berrios did not post. Also on June 20, 2014, the Board issued a warrant to commit and detain Berrios pending disposition of the New Charges. On June 23, 2015, Berrios pled guilty to manufacturing, delivering, or possessing with intent to manufacture or deliver, a controlled substance. On September 4, 2015, Berrios was sentenced to $1\frac{1}{2}$ to 3 years of incarceration followed by 5 years of probation.

On November 3, 2015, the Board served Berrios with a notice of charges and notice of the Board's intent to hold a parole revocation hearing. That day, Berrios admitted to the parole violation, and waived his right to counsel and a revocation hearing. On November 19 and December 8, 2015, respectively, Board members voted to recommit Berrios as a CPV to serve 18 months backtime without credit for time spent at liberty on parole. By decision recorded on January 29, 2016 (mailed February 10, 2016), the Board formally recommitted Berrios as a CPV to serve 18 months backtime with a maximum sentence release date of November 29, 2022.

The Board calculated Berrios' new maximum sentence release date as follows: When Berrios was released on parole on October 15, 2010, his Original Sentence maximum release date was October 6, 2017 and, thus, he owed 2,548 days of backtime on his Original Sentence. The Board chose not to credit Berrios for his time spent at liberty on parole and, since the Board lodged its detainer on the same day the trial court set Berrios' unposted bail, the Board did not give Berrios credit toward his Original Sentence for his pre-trial incarceration on the New Charges.

3

Berrios did not become available to serve his Original Sentence until December 8, 2015, the date he was recommitted as a CPV. Adding 2,548 days to December 8, 2015 resulted in Berrios' new November 29, 2022 Original Sentence maximum release date.

On March 9, 2016, Berrios submitted an Administrative Remedies Form challenging the Board's decision recorded on January 29, 2016 (mailed February 10, 2016), which formally recommitted Berrios as a CPV. On May 13, 2016, the Board denied Berrios' request for administrative relief. Berrios appealed pro se to this Court.[2] Assistant Public Defender Seth E. Grant, Esquire (Counsel) subsequently filed an Entry of Appearance on Berrios' behalf. Thereafter, Counsel filed a Petition for Leave of Court to Withdraw as Appellate Counsel (Application) and an Anders brief.[3] By February 14, 2017 opinion and order, this Court denied Counsel's Application based on Counsel's failure to properly address Berrios' issues and directed Counsel to either file an amended Application and Anders brief that adequately addressed each of Berrios' appealed issues, or to submit a brief on the merits. On June 25, 2017, Assistant Public Defender Raymond D. Roberts, Esquire, filed a brief on the merits.[4]

Berrios first argues that the Board failed to apply credit to his Original Sentence because it used the date his parole was revoked, *i.e.*, December 8, 2015, as

---

[2] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

[3] *Anders v. State of Cal.,* 386 U.S. 738, 744 (1967) ("a brief referring to anything in the record that might arguably support the appeal" to be filed with the Court "if counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it"). Where counsel files an Anders brief when a no-merit letter would have sufficed, we will accept an Anders brief in lieu of a no-merit letter if that brief complies with the substantive requirements of a no-merit letter. *Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40 (Pa. Cmwlth. 2010).

[4] Although the Court ordered the brief to be filed within 30 days, a request for a 90-day extension of time was granted because Counsel had resigned from the Public Defender's Office.

the starting date to recalculate his Original Sentence maximum release date, rather than the date he was sentenced (September 4, 2015) or the date he was returned to SCI-Gratorford (September 10, 2015).  We disagree.

Section 6138 of the Parole Code provides in relevant part:

**(a) Convicted violators.**--

(1) A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.

(2) **If the parolee's recommitment is so ordered**, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

. . . .

(4) **The period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator**.

(5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

(i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

(ii) If a person is paroled from a county prison and the new sentence imposed upon him is to be served in the same county prison.

5

(iii) In all other cases, the service of the new term for the latter crime shall precede commencement of the balance of the term originally imposed.

61 Pa.C.S. § 6138 (text emphasis added).  Berrios relies on Section 6138(a)(4) of the Parole Code to support his position.  We acknowledge that

[CPVs] must serve the backtime on their original state sentence before they can begin to serve time on their newly-imposed state sentence under Section 6138(a) of the [Parole] Code.  As this Court has explained:

[The predecessor statute to Section 6138(a)(4) of the Parole Code] provide[d] in part that '[t]he period of time for which the parole violator is required to serve shall be computed from and begin on the date that he is taken into custody to be returned to the institution as a parole violator.'

This Court, however, in [*Campbell v. Pennsylvania Board of Probation and Parole,* 409 A.2d 980 (Pa. Cmwlth. 1980)], held that where the Board pursuant to [the prior statute] recommits a [CPV] to serve the balance of an original sentence before beginning service of a new term, **the prisoner's service of backtime on the original sentence must be computed from the date the Board revokes the prisoner's parole**.  The Court further noted in *Campbell* that the time served by the prisoner prior to the date parole is revoked must be applied to the new sentence.

*Hill v.* [*Pa. Bd. of Prob. & Parole*]*,* 683 A.2d 699, 701-02 (Pa. Cmwlth. 1996).  As a result, the Board did not err in calculating [Berrios'] new maximum date from [December 8, 2015], the date on which the Board obtained the second signature from a panel member that was necessary to recommit him as a convicted parole violator.

*Wilson v. Pa. Bd. of Prob. & Parole,* 124 A.3d 767, 769 (Pa. Cmwlth. 2015) (footnote omitted; emphasis added).  Accordingly, the Board properly used Berrios' parole revocation date to calculate his Original Sentence maximum release date.

6

Berrios next argues that the Board is not authorized to change a judicially-imposed sentence. However, "this Court has stated that '[w]hen imposing backtime, the [B]oard directs a parolee to complete the original judicially-mandated sentence, and does not impose any additional sentence. . . .'" *Yates v. Pa. Bd. of Prob. & Parole,* 48 A.3d 496, 502 (Pa. Cmwlth. 2012) (quoting *Epps v. Pa. Bd. of Prob. & Parole,* 565 A.2d 214, 217 (Pa. Cmwlth. 1989)).

Here, Berrios had 2,548 days remaining on his Original Sentence when he was paroled. As explained above, service of his backtime began on December 8, 2015. Because the Board did not give Berrios credit for his time served at liberty on parole, his new Original Sentence maximum release date was calculated by adding 2,548 days to December 8, 2015, resulting in Berrios' new November 29, 2022 Original Sentence maximum release date. Accordingly, the Board did not change Berrios' judicially-imposed sentence.

Finally, Berrios asserts that the Board abused its discretion by denying him credit for his time spent at liberty on parole. The Board's obligation relative to denying a CPV credit for his time spent at liberty on parole was recently addressed by our Supreme Court in *Pittman v. Pennsylvania Board of Probation and Parole,* 159 A.3d 466 (Pa. 2017). The *Pittman* Court held:

> As an initial matter, we hold that Subsection 6138(a)(2.1) [of the Parole Code] clearly and unambiguously grants the Board discretion to award credit to a CPV recommitted to serve the remainder of his sentence, except when the CPV is recommitted for the reasons stated in Subsections 6138(a)(2.1)(i) and (ii) [of the Parole Code]. In this case, [the a]ppellant[, like Berrios] was not recommitted for reasons enumerated in Subsections 6138(a)(2.1)(i) and (ii) [of the Parole Code]. Thus, . . . the Board unquestionably had the discretion to grant [the a]ppellant credit if it so desired. . . .
>
> [W]e recognize that the Board has the broadest of discretion over many decisions regarding parolees and that . . . there is

no explicit requirement that the Board must provide a contemporaneous statement explaining its decision in Subsection 6138(a)(2.1) [of the Parole Code].  However, Article V, Section 9 of the Pennsylvania Constitution grants all persons the right to appeal from an administrative agency to a court of record. . . .  This is consistent with inherent notions of due process. To the extent [the a]ppellant has a right to appeal, an appellate court hearing the matter must have [a] method to assess the Board's exercise of discretion.  Accordingly, we hold that **the Board must articulate the basis for its decision to grant or deny a CPV credit for time served at liberty on parole**.

*Pittman,* 159 A.3d at 474 (emphasis added).  Accordingly, although the Board had the discretion to deny Berrios credit for his time spent at liberty on parole, based on this record, we cannot determine whether the Board abused that discretion without remanding the matter for the Board to articulate its reasons for doing so.

For all of the above reasons, the Board's order is vacated, and the matter is remanded to the Board solely to articulate its reasons for denying Berrios credit for his time served at liberty on parole.

_____
ANNE E. COVEY, Judge

8

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jorge Berrios,              :
           Petitioner       :
                         :
      v.                   :
                         :
Pennsylvania Board of Probation   :
and Parole,               :     No. 905 C.D. 2016
           Respondent     :

## O R D E R

AND NOW, this 30th day of November, 2017, the Pennsylvania Board of Probation and Parole's (Board) May 13, 2016 order is vacated and the matter is remanded to the Board to articulate its reasons for denying Jorge Berrios credit for his time at liberty on parole.

Jurisdiction relinquished.

_____
ANNE E. COVEY, Judge