**Theodore HILL, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 22, 1996.
Decided Sept. 20, 1996.

Richard E. Goldinger, Public Defender, for Petitioner.

Arthur R. Thomas, Assistant Counsel, for Respondent.

Before SMITH and FLAHERTY, JJ., and RODGERS, Senior Judge.

SMITH, Judge.

Theodore Hill petitions for review of a November 30, 1995 order of the Pennsylvania Board of Probation and Parole (Board) which denied Hill's petition for administrative relief and overruled his objection to the Board's combined revocation decision and recalculation order requiring Hill to serve 24 months backtime as a convicted parole violator. The issue presented is whether the Board erred when it recomputed Hill's reparole date to September 19, 1996, or 24 months from the date of his parole revocation. Hill contends that because he was convicted of new charges on May 5, 1994, he became a convicted parole violator on that date and that his minimum reparole date should be 24 months from the date of his conviction, or May 5, 1996.

Hill has a history of convictions for crimes including burglary, robbery, theft and escape. On June 10, 1993, the Board reparoled Hill from a sentence of 8 to 20 years with a maximum term expiration date of July 6, 2002; on the same day the Board also paroled Hill from a 2 to 4 year sentence with a maximum term expiration date of June 10, 1995. On August 8, 1993, Hill was arrested on charges of criminal trespass, criminal mischief, possession of the instruments of a crime, retail theft and escape. Hill escaped and on September 15, 1993, he was arrested on new escape and criminal trespass charges.

On May 5, 1994, Hill pleaded guilty to criminal trespass, criminal mischief, possession of the instruments of a crime, retail theft and escape and was sentenced a term of 42 to 84 months on the escape charge. The next day, Hill was sentenced to an aggregate term of 3 and ½ to 12 years on the theft-related charges, to run concurrently with the 42 to 84 months sentence. Following Hill's guilty pleas, the Board held a parole revocation hearing. On October 20, 1994, the Board issued a combined revocation decision and recalculation order which recommitted Hill as a convicted parole violator to serve 24 months backtime on his 8 to 20 year sentence and recalculated his maximum term expiration date for that sentence to October 10, 2003. In a corrected decision issued in September 1995, the Board noted that the revocation of Hill's parole was recorded on September 19, 1994 and subsequently modified Hill's reparole date to September 19, 1996.

Hill filed a petition for administrative relief wherein he contended that the Board erred in failing to apply credit to his original sentence of 8 to 20 years for the time he spent in prison from May 5, 1994 to September 19, 1994. The Board denied Hill's petition. This Court's scope of review of the Board's decision is limited to determining whether the Board's necessary findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Feilke v. Pennsylvania Board of Probation and Parole*, 167 Pa.Cmwlth. 381, 648 A.2d 121 (1994).

I.

■ Initially, this Court's review of the record indicates that Hill, proceeding *pro se*, filed a notice of appeal from the Board's November 30, 1995 order rather than a petition for review as required by Pa. R.A.P. 1511. In *Shovel Transfer and Storage, Inc. v. Pennsylvania Liquor Control Board*, 666 A.2d 395 (Pa.Cmwlth.1995), *appeal granted*, 544 Pa. 619, 674 A.2d 1079 (1996), this Court quashed an appeal where the petitioner filed a notice of appeal rather than a petition for review on the ground that the notice of appeal did not meet the requirements set forth

in Pa. R.A.P. 1513(a). This rule provides that:

> The petition for review shall contain a statement of the basis for the jurisdiction of the court; the names of the parties seeking review; the names of the government unit ... which made the determination sought to be reviewed; reference to the order or other determination sought to be reviewed; a general statement of the objections to the order or other determination; and a short statement of the relief sought. The statement of objections will be deemed to include every subsidiary question fairly comprised therein. It shall not be necessary for the petition to include or have annexed thereto a copy of the text, if any, of the order or other determination sought to be approved.

■ Pursuant to Pa. R.A.P. 1512(a)(1) a petition for review must be filed within 30 days after the entry of the order from which an appeal is taken. As the Court noted in *Shovel Transfer and Storage, Inc.*, a notice of appeal, unlike a petition for review, has no requirements relating to the substance of the appeal. Consequently, the Court refused to permit the petitioner to amend or clarify its notice of appeal after the 30–day appeal period had expired. Because the timeliness of an appeal is in fact jurisdictional, *Peace v. Department of Public Welfare*, 93 Pa.Cmwlth. 300, 501 A.2d 1164 (1985), the Court may raise this issue, sua sponte, at any time. *Department of Transportation, Bureau of Driver Licensing v. Gelormino*, 160 Pa. Cmwlth. 12, 636 A.2d 224 (1993).

At first glance, it would appear that the rationale in *Shovel Transfer and Storage, Inc.* would apply in the present case, where Hill did not file a petition for review within the 30–day appeal period. This Court, however, recognizes that in *Bronson v. Pennsylvania Board of Probation and Parole*, 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied*, 450 U.S. 1050, 101 S.Ct. 1771, 68 L.Ed.2d 247 (1981), the Supreme Court held that a parolee is entitled to the assistance of counsel not only at his or her parole revocation hearing, but also in the prosecution of an appeal from the revocation decision. The *Bronson* Court noted that ever since the United States Su-

preme Court's decision in *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963), an indigent defendant is constitutionally entitled to the assistance of counsel on an appeal as of right. The *Bronson* Court further noted that whether a parole violation proceeding is classified as either civil or criminal, it is a proceeding where the right to counsel is required to comply with the fundamental concepts of fairness.

In the present case, Hill filed a motion to proceed *in forma pauperis*, which was granted. Although Hill's notice of appeal did not meet the requirements for a petition for review, Hill was not represented by counsel until after the 30–day appeal period expired. Subsequent to the appointment of counsel, Hill was directed by this Court to file a petition for review in order for the Court to use the date of the notice of appeal. In view of the Supreme Court's decision in *Bronson*, this Court's decision in *Shovel Transfer and Storage, Inc.* is inapplicable, and Hill's appeal will not be quashed. Accordingly, the Court will review the merits of the case.

## II.

■ Hill contends that the date for service of his 24 months backtime on his original sentence should begin to run on May 5, 1994, the day he was convicted for crimes he committed while on parole. Hill claims that the Board erred in calculating the 24 months backtime from September 19, 1994, the date the Board entered its revocation decision. To support his position Hill cites Section 21.1(a) of the Act commonly known as the Parole Act, Act of August 6, 1941, P.L. 861, *as amended*, added by Section 5 of the Act of August 24, 1951, P.L. 1401, 61 P.S. § 331.21a(a), relating to the commission of crimes during parole. Section 21.1(a) provides in part that "[t]he period of time for which the parole violator is required to serve shall be computed from and begin on the date that he is taken into custody to be returned to the institution as a parole violator."

This Court, however, in *Campbell v. Pennsylvania Board of Probation and Parole*, 48 Pa.Cmwlth. 454, 409 A.2d 980 (1980), held that where the Board pursuant to Section

21.1(a) recommits a convicted parole violator to serve the balance of an original sentence before beginning service of a new term, the prisoner's service of backtime on the original sentence must be computed from the date the Board revokes the prisoner's parole. The Court further noted in *Campbell* that the time served by the prisoner prior to the date parole is revoked must be applied to the new sentence.

This Court concludes that *Campbell* is controlling in the present case. Accordingly, the Board properly recalculated the beginning date of service of the 24 months backtime on Hill's original sentence to be September 19, 1994, the date his parole was revoked. Hill is entitled to credit on his new sentence for the time he served from May 5, 1994 to September 19, 1994, the period preceding the date of revocation of Hill's parole. Because Hill has failed to demonstrate error in the Board's computation of his reparole date, the order of the Board is affirmed.

### ORDER

AND NOW, this 20th day of September, 1996, the order of the Pennsylvania Board of Probation and Parole is hereby affirmed.