IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Corey Gray,                          :
                    Petitioner       :
                                     :
            v.                       :
                                     :
Pennsylvania Board of Probation      :
and Parole,                          :   No. 2042 C.D. 2016
                    Respondent       :   Submitted: June 16, 2017


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                          FILED: July 28, 2017


        Corey Gray (Gray) petitions this Court for review of the Pennsylvania
Board of Probation and Parole's (Board) June 20, 2016 decision denying his request
for administrative relief.  The sole issue before this Court is whether the Board erred
by failing to give Gray credit for the time he spent incarcerated in state custody from
July 13, 2015 to December 30, 2015.[1]  After review, we affirm.

        Gray is an inmate currently incarcerated at the State Correctional
Institution (SCI) - Frackville.  On September 16, 2014, Gray was released on parole
with a maximum sentence release date of August 1, 2015 (Original Sentence).  On
December 17, 2014, the Harrisburg Police arrested Gray on a driving with a
suspended/revoked license charge, and drug charges including *inter alia*
manufacture/delivery/possession with intent to deliver or manufacture (New

_____

[1] Gray's counsel raised two additional issues in the Argument section of his brief which he
also properly conceded therein.  Moreover, Gray's pro se petition for review only contains the
above-stated issue.  Accordingly, our analysis herein is limited to the one issue.

Charges). That same date, the Board lodged a warrant to commit and detain Gray based on the New Charges. On December 17, 2014, Gray waived the Board's detention hearing. Gray did not post bail on the New Charges.

On July 13, 2015, Gray pled guilty to the New Charges and received a 15 to 60-month sentence on the manufacture/delivery/possession with intent to deliver or manufacture charge, a concurrent 15 to 60-month sentence on the remaining drug charges, and no further penalty on the driving with a suspended/revoked license charge. Gray was returned to SCI-Camp Hill on July 28, 2015. On November 6, 2015, Gray signed a waiver concerning his rights to counsel and a revocation hearing, and admitted to his convictions. On December 30, 2015, the second Board member voted to accept Gray's admissions and commit him as a convicted parole violator (CPV).

By January 6, 2016 decision (mailed January 19, 2016), the Board recalculated Gray's maximum sentence release date to November 15, 2017. On February 9, 2016, Gray submitted a pro se administrative appeal challenging the Board's decision recommitting him as a CPV. On June 20, 2016, the Board denied Gray's request for administrative relief. Gray appealed to this Court.[2]

Gray argues that because he was sentenced on the New Charges on July 13, 2015, and returned to the SCI on July 28, 2015, and an inmate must serve his original sentence before his new sentence, *see* Section 6138(a)(5)(i) of the Prisons and Parole Code (Parole Code),[3] his time served between either July 13 or July 28, 2015, and December 30, 2015 should be credited to his Original Sentence. We disagree.

---

[2] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

[3] 61 Pa.C.S. § 6138(a)(5)(i).

Section 6138(a) of the Parole Code provides, in relevant part:

**Convicted violators.**--

(1) A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.

(2) **If the parolee's recommitment is so ordered**, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted . . . .

. . . .

(4) The period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator.

(5) **If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:**

(i) **If a person is paroled from a**[n SCI] **and the new sentence imposed on the person is to be served in the** [**SCI**]**.**

61 Pa.C.S. § 6138(a) (text emphasis added).

This Court, however, in [*Campbell v. Pennsylvania Board of Probation and Parole,* 409 A.2d 980 (Pa. Cmwlth. 1980)], held that where the Board . . . recommits a [CPV] to serve the balance of an original sentence before beginning service of a new term, **the prisoner's service of backtime on the original sentence must be computed from the date the Board revokes the prisoner's parole**. The Court

3

further noted in *Campbell* that **the time served by the prisoner prior to the date parole is revoked must be applied to the new sentence**.

*Wilson v. Pa. Bd. of Prob. & Parole,* 124 A.3d 767, 770 (Pa. Cmwlth. 2015) (quoting *Hill v. Pa. Bd. of Prob. & Parole,* 683 A.2d 699, 701-02 (Pa. Cmwlth. 1996)).

Here, the Board revoked Gray's parole on December 30, 2015, the date on which the second Board member voted to accept Gray's admissions and recommit him as a CPV. *See* Certified Record at 59-66. Accordingly, the Board properly recalculated the beginning date of Gray's backtime on Gray's Original Sentence as December 30, 2015; the time Gray served between July 13, 2015 and December 30, 2015 must be credited to his New Sentence. *Wilson*.

For all of the above reasons, the Board's decision is affirmed.

_____
ANNE E. COVEY, Judge

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Corey Gray,                          :
                    Petitioner       :
                                     :
          v.                         :
                                     :
Pennsylvania Board of Probation      :
and Parole,                          :    No. 2042 C.D. 2016
                    Respondent       :


# O R D E R

AND NOW, this 28th day of July, 2017, the Pennsylvania Board of Probation and Parole's June 20, 2016 decision is affirmed.


                              _____
                              ANNE E. COVEY, Judge