IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ryan Flynn,                                    :
                    Petitioner                 :
                                               :    No. 181 C.D. 2020
          v.                                   :
                                               :    Submitted: August 28, 2020
Pennsylvania Board of                          :
Probation and Parole,                          :
                    Respondent                 :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                            FILED: October 26, 2020


          Ryan Flynn (Petitioner) petitions for review from the January 22, 2020 order of the Pennsylvania Board of Probation and Parole (Board),[1] which denied his request for sentencing credit on his original maximum sentence date for time he spent incarcerated after committing crimes while on parole. More specifically, Petitioner asserts that the Board erred in failing to award him credit during the period occurring between the date on which a court of common pleas sentenced him on new

---

[1] Effective February 18, 2020, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§6101, 6111(a).

convictions and the date the Board recommitted him as a convicted parole violator (CPV). Upon review, we affirm.

The facts and procedural history of this case are not in dispute. On December 10, 2015, a court of common pleas sentenced Petitioner to an aggregate term of three to six years' incarceration based upon his convictions of robbery, criminal conspiracy, and fleeing or attempting to elude a police officer. At this point in time, Petitioner's maximum sentence date was April 29, 2019. (Certified Record (C.R.) at 1.)

On May 2, 2017, the Board paroled Petitioner and he was released on May 18, 2017. While on parole, Petitioner committed various drug-related offenses in two distinct criminal episodes. Thereafter, on February 1, 2018, and February 7, 2018, respectively, the local authorities filed two separate criminal complaints against Petitioner, one docketed at CP-09-CR-4701-2018 and the other docketed at CP-09-CR-4648-2018. On February 7, 2018, the Board issued a warrant to commit and detain Petitioner. In both cases, the court of common pleas set bail, but Petitioner did not post the required amount and remained incarcerated. (C.R. at 17-23, 46, 54.)

On January 7, 2019, Petitioner pled guilty to possession with intent to deliver a controlled substance at CP-09-CR-4701-2018. On that same date, Petitioner also pled guilty to possession of a controlled substance with intent to deliver a controlled substance at CP-09-CR-4648-2018. On February 8, 2019, a court of common pleas sentenced Petitioner on both cases to a concurrent term of two years and nine months to five years' imprisonment to be served at a state correctional institution. In rendering its sentences, the court of common pleas awarded Petitioner credit for the time he spent incarcerated until the date of his sentences on the new

2

convictions, namely from February 6, 2018, to February 8, 2019. (C.R. at 11, 13, 18-20, 31, 47.)

On February 12, 2019, Petitioner signed documentation with the Board waiving his rights to counsel and a revocation hearing and admitting his criminal convictions. Thereafter, on March 4, 2019, the Board recommitted Petitioner to a state correctional institution as a CPV, ordered him to serve 18 months' backtime, and denied him any credit for time spent in good standing while at liberty on parole. In so doing, the Board determined that Petitioner owed 711 days—or 1 year, 11 months and 11 days—on his original maximum sentence date, April 29, 2019. Discounting the period of time from Petitioner's parole release date, May 18, 2017, to the date of his recommitment as a CPV, the Board added the 711 days to the date it voted to recommit Petitioner, March 4, 2019, and recalculated his maximum sentence date as February 12, 2021. (C.R. at 29, 46-47, 55, 61-64; Board's decision at 1-2.)

On March 28, 2019, Petitioner submitted an administrative remedies form, contending that the Board recalculated his maximum sentence date erroneously by failing to provide him with credit for days that he spent incarcerated on the most recent crimes up until his sentencing date.[2] By decision dated January 22, 2020, the Board concluded that Petitioner was not entitled to any presentence credit because he was not incarcerated solely on the Board's detainer from February 7, 2018, to February 8, 2019, and that credit for this period of confinement will be applied toward his new sentences upon their commencement. (Board's decision at 1.) The Board also concluded that, pursuant to section 6138(a)(4)-(5)(i) of the Prisons and

---

[2] On April 9, 2019, counsel entered his appearance on behalf of Petitioner and has represented him from this moment forward.

3

Parole Code (Parole Code), 61 Pa.C.S. §6138(a)(4)-(5)(i),[3] a CPV who is released on parole and receives a new sentence while on parole must first serve the original sentence before beginning the terms of the new sentence. According to the Board, Petitioner did not become available to serve his original sentence until March 4, 2019, because that was the date the Board had voted to recommit him. (Board's decision at 1-2.)

Before this Court,[4] Petitioner asserts that, in adding the 711 days that he owed on his original sentence, the Board should have utilized the day on which he signed the Board's waiver and admission forms, February 12, 2019, as the start date

---

[3] Section 6138(a)(1) of the Parole Code provides the Board with the authority to recommit a parolee as a CPV. Subsections (4) and (5) of this provision state as follows:

> (4) The period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator.

> (5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

>> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa. C.S. §6138(a)(4)-(5)(i).

[4] Under our standard of review, we determine whether constitutional rights were violated, whether the decision was in accordance with the law, or whether the necessary findings of fact were supported by substantial evidence. *Kerak v. Pennsylvania Board of Probation and Parole*, 153 A.3d 1134, 1137 n.9 (Pa. Cmwlth. 2016).

4

for the calculation, rather than the day the Board voted to recommit him, March 4, 2019. We disagree.

Recently, in *Wiles v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 503 C.D. 2019, filed February 10, 2020) (unreported),[5] this Court addressed the very same argument that Petitioner raises here. In that case, the petitioner contended that, under section 6138(a)(4)-(5) of the Parole Code, he was placed in the custody of the Board on "the date on which he was sentenced for the new conviction" because, at that time, "he was available to begin serving his backtime." *Wiles*, slip op. at 5. The petitioner argued that, as such, his sentencing date on the new convictions should have been the baseline day the Board used to calculate his new maximum sentence date.

In rejecting the petitioner's contentions, we stated as follows:

> This Court has examined the plain language of [s]ection 6138 numerous times and has long held that **a CPV only becomes available to serve backtime on the date his parole is revoked, not the date he is sentenced for a new criminal conviction**. *Barnes v. Pennsylvania Board of Probation and Parole*, 203 A.3d 382, 391-92 (Pa. Cmwlth. 2019); *Hill v. Pennsylvania Board of Probation and Parole*, 683 A.2d 699, 702 (Pa. Cmwlth. 1996); *Williams v. Pennsylvania Board of Probation and Parole*, 654 A.2d 235, 237 (Pa. Cmwlth. 1995); *Campbell* [*v. Pennsylvania Board of Probation and Parole*, 409 A.2d 980, 982 (Pa. Cmwlth. 1980).] Parole revocation occurs when a hearing examiner and a Board member, or two Board members, sign a hearing report recommitting a parolee as a CPV. Section 6113(b) of the Parole Code, 61 Pa.C.S. §6113(b). When the Board recommits a CPV to serve the balance of his original sentence, the backtime must be computed from the revocation date. *Hill*, 683 A.2d at 702; *Campbell*, 409

---

[5] We cite *Wiles* for its persuasive value in accordance with section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

> A.2d at 982. If a CPV has served time prior to the date the Board revokes his parole, that time must be applied to his new sentence. *Wilson v. Pennsylvania Board of Probation and Parole*, 124 A.3d 767, 770 (Pa. Cmwlth. 2015); *Campbell*, 409 A.2d at 982. We decline [the petitioner's] invitation to disturb this well-settled precedent.

*Wiles*, slip op. at 6 (emphasis added).

As our decision in *Wiles* illustrates, Petitioner's argument is directly refuted by our case law. Consequently, the Board did not err in using the date that it voted to recommit Petitioner as a CPV as the starting date for adding the amount that Petitioner owed on his original maximum sentence in order to compute his new maximum sentence date. Moreover, *Wiles* confirms that any time that Petitioner spent in confinement prior the Board's recommitment decision is time that should be credited to his new sentences.

Accordingly, discerning no error in the Board's decision, we affirm the Board's order.

_____
PATRICIA A. McCULLOUGH, Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ryan Flynn,                                :
                    Petitioner             :
                                           :    No.  181 C.D. 2020
          v.                               :
                                           :
Pennsylvania Board of                      :
Probation and Parole,                      :
                    Respondent             :

## *ORDER*

AND NOW, this 26th day of October, 2020, the January 22, 2020 order of the Pennsylvania Board of Probation and Parole is hereby affirmed.


_____
PATRICIA A. McCULLOUGH, Judge