IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jerry Breck III,                              :
               Petitioner        :
                                    :
               v.                        :     No. 1124 C.D. 2021
                                      :
Pennsylvania Parole Board,                    :     Submitted: July 1, 2022
               Respondent        :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ELLEN CEISLER, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                    FILED: May 25, 2023

Jerry Breck III (Breck) petitions for review of the Pennsylvania Parole Board's (Board) March 31, 2021 decision dismissing as untimely his administrative appeal from the Board's July 8, 2019 recommitment decision. Because we conclude that Breck's Petition for Review was untimely, we do not have jurisdiction and must quash this appeal.

## I.    FACTS AND PROCEDURAL HISTORY

On August 1, 2014, Breck was sentenced in the Venango County Court of Common Pleas to an aggregate state sentence of 5 to 16 years' incarceration based on his conviction of four counts of drug-related offenses. (Certified Record (C.R.) 1-2.) Breck subsequently was released on parole on February 23, 2015, with a maximum sentence date of March 15, 2023. (C.R. 1, 6.) On July 11, 2017, Breck was indicted for a drug-related crime in the United States District Court for the Middle District of

Pennsylvania (federal court). (C.R. 32-33.) The federal court issued an arrest warrant and order of detention on July 13, 2017. (C.R. 34, 67.) On February 1, 2019, Breck pled guilty to a single federal drug offense, and on May 7, 2019, was sentenced to 156 months' incarceration in a federal correctional institution (FCI). He received credit for time served beginning July 13, 2017, the date of his detention on the federal charges. (C.R. 50, 51-57.)

On May 16, 2019, in proceedings before the Board, Breck waived his rights to counsel and a hearing and admitted that the federal conviction was a parole violation. (C.R. 41.) On July 8, 2019, the Board issued a recommitment decision in which it recommitted Breck "to a state correctional institution as a convicted parole violator to serve 24 months, when available, pending parole or completion of [Breck's] federal sentence [and] [Breck's] return to a state correctional institution" (Recommitment Order). (C.R. 77.) The Board personally delivered the Recommitment Order to Breck on July 11, 2019, which delivery Breck acknowledged the same date. (*Id.*; C.R. 87.)

Approximately one year later,[1] Breck submitted an Administrative Remedies Form to the Board dated July 15, 2020, and postmarked on August 20, 2020, in which he challenged the Board's Recommitment Order (administrative appeal). (C.R. 77, 97.) The Board received the administrative appeal on August 27, 2020. (C.R. 77.) Breck therein contended that the Board's decision to recommit him to serve a term of 24 months' incarceration at a state correctional institution after the completion

---

[1] Breck was "in transit" to FCI-Schuylkill, where he is serving his federal sentence, from May 13, 2019, until July 22, 2019. (Petition for Review, attachments (unpaginated).)

of, or his parole from, his federal sentence, violated section 6138(a)(5.1) of the Prisons and Parole Code,[2] 61 Pa.C.S. § 6138(a)(5.1).[3]

The Board responded to Breck's administrative appeal on March 31, 2021. The Board noted that its July 8, 2019 Recommitment Order was received by Breck on July 11, 2019, and that, pursuant to 37 Pa. Code § 73.1, Breck had 30 days from that date, or until August 12, 2019, to file his administrative appeal. Because he submitted his administrative appeal approximately 11 months after the expiration of the appeal period, the Board dismissed the appeal as untimely. (C.R. 100-01.) Breck then filed his Petition for Review, dated October 4, 2021, in this Court on October 13, 2021.[4] By orders exited on November 5, 2021, and December 17, 2021, we appointed Breck counsel, granted him leave to file an amended petition for review, and directed that the parties address either in their principal briefs or by separate motion the timeliness of Breck's Petition for Review. Breck did not file an amended petition for review, and neither party filed a motion to quash on timeliness grounds.

_____

[2] 61 Pa.C.S. §§ 101-6309.

[3] Section 6138(a)(1) provides that the Board may, at its discretion, revoke the parole of an offender if, while on parole, the offender commits a crime punishable by imprisonment to which the offender pleads guilty. 61 Pa.C.S. § 6138(a)(1). Section 6138(a)(5.1) goes on to provide that, "[i]f the offender is sentenced to serve a new term of total confinement by a [f]ederal court or by a court of another jurisdiction because of a . . . plea under paragraph (1), the offender shall serve the balance of the original term before serving the new term." 61 Pa.C.S. § 6138(a)(5.1). In a letter included in his administrative appeal, Breck indicated that he filed the administrative appeal because he cannot participate in certain programs at FCI-Schuylkill while he has an active Board detainer. He therefore argued that he should serve the balance of his state time before beginning his federal sentence. (C.R. 78.)

[4] Between March 31, 2021, and October 4, 2021, Breck sent correspondence from FCI-Schuylkill to several public defenders' offices and the Venango County Court of Common Pleas seeking legal advice and representation for an appeal of the Board's March 31, 2021 decision. *See* Petition for Review, attachments (unpaginated). He did not, however, file a petition for review in this Court during that period and offers no explanation for the delay.

## II. ISSUES

In his counseled brief, Breck identifies a single issue for review, namely, whether his otherwise untimely administrative appeal should have been accepted *nunc pro tunc* because the Board's Recommitment Order was issued while he was in transit to FCI-Schuylkill. In response, the Board contends that 1) Breck's appeal in this Court must be quashed as untimely, and 2) even if the appeal is not quashed, Breck is not entitled to *nunc pro tunc* relief on his administrative appeal to the Board.

## III. DISCUSSION

### Timeliness of Breck's Appeal to This Court

A petitioner must file a petition for review with this Court within 30 days after the entry of a Board decision denying a request for administrative relief. *See* Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 1512(a)(1) ("[a] petition for review of a quasijudicial order . . . shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order"); *Hill v. Pennsylvania Board of Probation & Parole*, 683 A.2d 699, 701 (Pa. Cmwlth. 1996).

Breck did not file his Petition for Review in this Court until, at the earliest, October 4, 2021, approximately six months after the Board's March 31, 2021 decision.[5] Thus, on its face, the Petition for Review is untimely. Although Breck addresses in his brief the timeliness of his administrative appeal to the Board and gives reasons why it should have been considered *nunc pro tunc*, he offers no argument or evidence indicating why his appeal *in this Court* should be considered timely. Nor does he request *nunc pro tunc* relief on any basis. We have scoured the Certified Record and

---

[5] Although the Board's decision is dated March 31, 2021, it does not include a mailing date. (C.R. 101-02.) Nevertheless, it is clear from the record that Breck received the Board's decision in April 2021, as that is when he began sending correspondence from FCI-Schuylkill referring to the Board's March 31, 2021 decision. *See, e.g.*, Letter to Venango County Court of Common Pleas, dated April 20, 2021, Petition for Review, attachments (unpaginated).

Breck's Petition for Review and can find no basis on which to conclude that the appeal is timely. Accordingly, we are without jurisdiction and must quash the appeal.[6]

_____
PATRICIA A. McCULLOUGH, Judge

---

[6] Because we do not have jurisdiction over Breck's appeal, we do not address whether he was entitled to *nunc pro tunc* relief in the filing of his administrative appeal to the Parole Board. Nevertheless, we note that, even had we concluded that *nunc pro tunc* relief was appropriate and the Board should have considered the merits of Breck's administrative appeal, he would not be entitled to relief in any event. Breck was detained on a federal warrant and order of detention issued July 13, 2017. (C.R. 34, 67.) He was sentenced on his federal conviction on May 6, 2019, and was given credit for time served since the date he was first detained on the federal charges, or on July 13, 2017. (C.R. 51-52.) Thus, Breck does not appear to have been at any point after July 13, 2017, available for the Board to detain and return him to a state correctional institution to serve the balance of his state sentences. Under those circumstances, 61 Pa.C.S. § 6138(a)(5.1) does not require or authorize the Board to retrieve a parole violator from federal custody to serve a state sentence. Rather, the Board may issue a detainer and await either the offender's completion of, or parole from, his federal sentence. *See Stroud v. Pennsylvania Board of Probation & Parole*, 196 A.3d 667, 672-74 (Pa. Cmwlth. 2018); *Brown v. Pennsylvania Board of Probation & Parole*, 184 A.3d 1021 (Pa. Cmwlth. 2017); *Foster v. Pennsylvania Parole Board* (Pa. Cmwlth., No. 1022 C.D. 2020, filed May 25, 2021), 2021 WL 2099605.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jerry Breck III,              :
            Petitioner         :
                                      :
          v.                    :
                                      :    No. 1124 C.D. 2021
Pennsylvania Parole Board,    :
            Respondent      :

## *<u>ORDER</u>*

AND NOW, this 25th day of May, 2023, the Court having concluded that Petitioner Jerry Breck III's petition for review is untimely and, therefore, this Court does not have jurisdiction, it hereby is ORDERED that this appeal is QUASHED.

 

_____

PATRICIA A. McCULLOUGH, Judge