IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyree Little,                            :
                          Petitioner     :
                                         :
            v.                           :
                                         :
Pennsylvania Parole Board,               :    No. 420 C.D. 2024
                          Respondent     :    Submitted: March 4, 2025

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                              FILED: April 3, 2025


          Tyree Little (Little), an inmate at a state correctional institution (SCI), petitions for review of a decision of the Pennsylvania Parole Board (Board) mailed on February 16, 2024 (February 2024 Board Decision), that denied Little's *pro se* administrative appeal of a Board decision recorded on June 26, 2023 (June 2023 Board Decision), which Little claims did not grant proper credit towards his criminal sentence. For the following reasons, we affirm the February 2024 Board Decision.

## I. Background

          On September 5, 2019, Little received an aggregate sentence of two to four years of incarceration (Original Sentence) after pleading guilty to robbery and related offenses. *See* Certified Record (C.R.) at 1. Little's minimum and maximum sentence dates for the Original Sentence were March 7, 2021, and March 7, 2023, respectively. *See* C.R. at 2. Little was paroled on March 7, 2021, with 730 days remaining to be served on the Original Sentence. *See* C.R. at 4-7.

The Board issued a Warrant to Commit and Detain on July 31, 2021, following Little's July 30, 2021 arrest on new firearms offenses (New Charges). *See* C.R. at 10. On August 30, 2021, the Board detained Little pending the disposition of the New Charges. *See* C.R. at 11. On February 8, 2023, Little was convicted of the New Charges in the United States District Court for the Eastern District of Pennsylvania and sentenced to 33 months' imprisonment with 3 years of supervised release.[1] *See* C.R. at 56.

On March 18, 2023, Little was returned to an SCI and the Board conducted a parole revocation hearing on May 11, 2023. *See* C.R. at 19-33. On June 1, 2023, the Board obtained sufficient signatures to recommit Little as a convicted parole violator (CPV). *See* C.R. at 51. On June 26, 2023, the Board issued the June 2023 Board Decision revoking Little's parole and recommitting him to serve 18 months as a CPV. *See* C.R. at 60. The Board explained its reasoning for the recommitment as follows: "Reason: Conviction in a court of record established. Early failure on parole/reparole." C.R. at 60. The Board also denied Little credit for the time he spent at liberty on parole because the New Charges involved a possession of a deadly weapon. *See* C.R. at 60-61. The Board calculated Little's parole violation maximum sentence date as April 6, 2025. *See* C.R. at 60-61. In its Order to Recommit dated June 28, 2023, the Board awarded Little credit for the 55 days between July 31, 2021, and September 24, 2021, toward the 730 days of backtime[2] outstanding on the Original Sentence. *See* C.R. at 58.

---

[1] The federal Department of Justice also entered a detainer against Little for his return to federal custody to serve the remainder of his federal sentence following the completion of the Original Sentence. *See* C.R. at 79; Supplemental Certified Record at 2A.

[2] "Back[time] is that part of an existing judicially[ ]imposed sentence which the Board directs a parolee to complete following a finding . . . that the parolee violated the terms and

Little submitted a timely *pro se* Administrative Remedies Form contesting the June 2023 Board Decision (Administrative Appeal). *See* C.R. at 62. In the Administrative Appeal, Lewis challenged the calculation of his new maximum date imposed by the June 2023 Board Decision. *See* C.R. at 62. The Board denied the Administrative Appeal in the February 2024 Board Decision. *See* C.R. at 66-67. Little timely appealed the February 2024 Board Decision to this Court.[3]

## II. Issues

Little raises two issues for this Court's review.[4] First, Little claims the Board erred in recalculating his maximum date by failing to properly credit the time he was incarcerated and under the Board's jurisdiction. *See* Little's Br. at 15 & 19-23. Next, Little claims the Board erred by failing to award him credit for time spent at liberty on parole. *See id.*

## III. Discussion

### A. *Recalculation of Maximum Sentence Date*

Initially, Section 6138(a)(1) of the Prisons and Parole Code[5] allows the Board to recommit parolees who, while on parole, commit and are convicted of

---

conditions of parole . . . ." *Yates v. Pa. Bd. of Prob. & Parole*, 48 A.3d 496, 499 (Pa. Cmwlth. 2012); *see also* 37 Pa. Code § 61.1 (defining backtime as "[t]he unserved part of a prison sentence which a convict would have been compelled to serve if the convict had not been paroled").

[3] Little originally filed his appeal *pro se* with this Court on March 15, 2023. Thereafter, the Court appointed the Public Defender of Huntingdon County to represent Little in the appeal. *See* Commonwealth Court Order dated May 20, 2024. Counsel entered his appearance on Little's behalf on June 3, 2024, and has represented Little since that time. *See* Praecipe for Entry of Appearance filed June 3, 2024.

[4] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. *See Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66 (Pa. Cmwlth. 2013).

[5] 61 Pa.C.S. §§ 101-7301.

crimes punishable by imprisonment. *See* 61 Pa.C.S. § 6138(a)(1). Further, Pennsylvania's General Assembly has expressly authorized the Board to recalculate the maximum date of a sentence beyond the original date, where such recalculation does not add to the total length of the sentence. *See Hughes v. Pa. Bd. of Prob. & Parole*, 179 A.3d 117, 120 (Pa. Cmwlth. 2018) (explaining that the maximum length of the sentence, not the maximum sentence date, is controlling); *Ruffin v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 2038 C.D. 2016, filed July 13, 2017),[6] slip op. at 4. Such a recalculation accounts for periods during which a prisoner is not actually serving his sentence. *See Vann v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1067 C.D. 2017, filed Apr. 10, 2018), slip op. at 13.

The Board explained its recalculation of Little's maximum sentence date as follows:

> [Little was] paroled on March 7, 2021[,] with a maximum date of March 7, 2023. This left [Little] with a total of 730 days remaining on [the Original S]entence at the time of parole. The Board's decision to recommit [Little] as a [CPV] authorized the recalculation of [his] sentence to reflect that [he] receive[d] no credit for the time [he was] at liberty on parole. 61 Pa.C.S. § 6138(a)(2). In this case, the [B]oard did not award [Little] credit for time at liberty on parole. This means [Little] still had a total of 730 days remaining on [the Original S]entence based on [his] recommitment.
>
> On July 31, 2021, the Board lodged its detainer against [Little]. On September 24, 2021, [Little was] arrested for new criminal charges for the Federal docket number 2:21-CR-00359-NIQA-1 and did not post bail. [Little was] sentenced on February 8, 2023 to a term of Federal

---

[6] Pursuant to Commonwealth Court Internal Operating Procedure Section 414(a), 210 Pa. Code § 69.414(a), unreported panel decisions of this Court, issued after January 15, 2008, may be cited for their persuasive value.

4

confinement for 33 months with 3 years' supervised release. [Little was] given back time from July 31, 2021[,] to September 24, 2021[,] for a total of 55 days. When you subtract 55 days, this means [Little] still had a total of 675 days remaining on [the Original Sentence].

The Prisons and Parole Code provides that a CPV who was released from an SCI and who received a new sentence to be served in a federal facility must serve the original sentence first, and those terms must be served consecutively. 61 Pa.C.S. § 6138(a)(5); *see also Commonwealth v. Dorian*[,] 468 A.2d 1091 (Pa. 1983).

[Little] became available to commence service of [the O]riginal [S]entence on June 1, 2023, when [he was] committed as a [CPV] and [was] available to the Board to serve [his] back time. Adding 675 days to that date yields a new maximum sentence date of April 6, 2025.

The Federal facility will apply credit towards [Little's] new sentence(s) for any time that has not been credited to [the O]riginal [S]entence.

C.R. at 66-67.

We find no error in the Board's calculation. Because the Board did not award him credit for time spent at liberty on parole, Little had the entire 730 days of outstanding backtime on the Original Sentence to serve upon his recommitment. The Board awarded Little credit for the 55 days between July 31, 2021, and September 24, 2021, that he spent incarcerated solely on the Board's warrant. Accordingly, Little had 675 days of backtime left to serve that, when added to June 1, 2023, yields a new maximum date on the Original Sentence of April 6, 2025.

To the extent Little argues that the Board's credit calculation should have included the period of incarceration from February 22, 2023, the date he alleges he was returned from federal custody, through June 1, 2023, the date when the Board

5

obtained the signatures necessary to recommit him as a CPV, he is incorrect. As this Court has observed, "where the Board . . . recommits a convicted parole violator to serve the balance of an original sentence before beginning service of a new term, the prisoner's service of backtime on the original sentence must be computed from the date the Board revokes the prisoner's parole." *Hill v. Pa. Bd. of Prob. & Parole*, 683 A.2d 699, 701-02 (Pa. Cmwlth. 1996). Further, "the time served by the prisoner prior to the date parole is revoked must be applied to the new sentence." *Hill*, 683 A.2d at 702. Little was not entitled to a credit toward the Original Sentence for the period of incarceration he claims (which period would be properly credited to the sentence on the New Charges).

For these reasons, the Board properly recalculated Little's maximum sentence date on the Original Sentence.

## B. *Street Time Credit*

Little's second claim, that the Board erred by not awarding him credit for time spent at liberty on parole, affords him no relief. Parolees convicted of new criminal offenses committed while on parole are subject to recommitment as CPVs and may, in the Board's discretion, lose credit for *all* "time at liberty on parole," also known as "street time," upon recommitment. *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 474 (Pa. 2017); *see also* 61 Pa.C.S. § 6138(a)(1)-(2.1) (directing that if the parolee is recommitted as a CPV, the parolee shall be given no credit for the time spent at liberty on parole unless the Board, in its discretion, decides to award the time as provided therein). When exercising its discretion to deny CPVs street time credit, "the Board must provide a contemporaneous statement explaining its reason for denying a CPV credit for time spent at liberty on parole." *Pittman*, 159 A.3d at 475. However, "the reason the Board gives does not have to be extensive

6

and a single sentence explanation is likely sufficient in most instances." *Id.* at 475 n.12.

Here, the Board exercised its discretion and denied Little credit for his street time because the New Charges involved possession of a weapon. *See* C.R. at 61. This reason is adequate for the Board to exercise its discretion to deny Little credit for time spent at liberty on parole. *See Kennedy v. Pa. Parole Bd.*, 289 A.3d 554 (Pa. Cmwlth. 2022) (noting that a new conviction involving possession of a weapon is a sufficient reason for the Board to deny credit for time spent at liberty on parole). Thus, the Board did not err in denying Little credit for time spent at liberty on parole.

### IV. Conclusion

For the reasons discussed above, we affirm the February 2024 Board Decision.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyree Little, :
                Petitioner :
                 :
     v. :
                 :
Pennsylvania Parole Board, : No. 420 C.D. 2024
            Respondent :

# **O R D E R**

AND NOW, this 3rd day of April, 2025, the decision of the Pennsylvania Parole Board mailed on February 16, 2024, is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge